JOHN F. SMYTH, AS SUPERINTENDENT OF THE INSURANCE DEPARTMENT OF THE STATE OF NEW YORK, RESPONDENT, v. THE KNICKERBOCKER LIFE INSURANCE COMPANY, APPELLANT, IMPLEADED WITH SUSAN W. BEECHER AND OTHERS.

*Mortgagor—when he is estopped from interposing a defense, by having given a certificate to an assignee of the mortgagee—the record of an assignment of a mortgage is notice to subsequent purchasers that the mortgagee cannot release the property from the lien of it.*

On October 27, 1871, a bond and mortgage executed by one Hall, to the Mutual Protection Life Assurance Society, was, by the said company, assigned to the Superintendent of the Insurance Department, the assignment being accompanied by a certificate signed by Hall, by which he consented to the transfer of the mortgage, and agreed that there was no legal or equitable defense thereto. The assignment was duly recorded on November 10, 1871.

February 13, 1872, Hall conveyed the premises covered by the mortgage to one Marsh, who on April 10, conveyed a portion thereof to one McCord, who, on April 11, mortgaged the same to an insurance company. On April 13, the mortgagee, having in the meantime changed its name, executed and delivered a release of the premises conveyed to McCord, from the lien of the mortgage given to it by Hall, and which was then held by the plaintiff.

In an action to foreclose the Hall mortgage, *Held,* that both the company and Hall were estopped, as against the plaintiff, from setting up a parol agreement entered into between them at the time of the execution of the mortgage, by which the company were to release portions of the premises in case certain buildings were erected thereon, by Hall.

That the recording of the assignment was constructive notice to the grantees of Hall, that the mortgagee could no longer deal with the mortgaged premises.

That the release was invalid as against the plaintiff.

HUN.—XXI.  16

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to foreclose a bond and mortgage executed and delivered by William N. Hall to the Mutual Protection Life Assurance Society, on June 29, 1871, and recorded in Kings county, July 8, 1871. On October 27, 1871, the mortgagee assigned the said bond and mortgage to George W. Miller, as Superintendent of the Insurance Department, to be held by him to secure policy-holders in the company, the mortgagor consenting to the assignment, and covenanting that there was no legal or equitable defense or offset thereto. This assignment was recorded in Kings county, November 10, 1871.

On February 13, 1872, the mortgagor, William N. Hall and wife, conveyed the premises covered by the said mortgage to Curtis L. North. On April 10, 1872, North and wife conveyed to Agnes McCord that portion of the said premises which is covered by the mortgage to the defendant, the Knickerbocker Life Insurance Company, and upon which it claims a lien prior to that of the plaintiff. On April 11, 1872, the next day after she acquired the title to said premises, the said Agnes McCord mortgaged the same to the defendant, the Knickerbocker Life Insurance Company, the mortgage being recorded in Kings county, on April 12, 1872. The next day, April 13, the mortgagee, its name having been changed in the meantime to the Reserve Mutual Life Insurance Company, executed and delivered a release to Curtis L. North, discharging from the lien and operation of the said first mortgage that portion of the premises mortgaged by the said McCord to the defendant, the Knickerbocker Life Insurance Company. The defendant claimed that this release was made in pursuance of an agreement by which the mortgagee had agreed with Hall to release the said portion of the premises, when Hall should have completed the erection of certain buildings thereon. The referee held that the release was invalid as against the lien of the plaintiff's mortgage.

*Horace E. Denning*, for the appellant. The record of an assignment of a mortgage is constructive notice only to subsequent purchasers of the same mortgage. (*James* v. *Morey*, 2 Cow., 296 ;

*Campbell* v. *Vedder*, 3 Keyes, 178; *Purdy* v. *Huntington*, 42 N. Y., 348; *Trustees of Union College* v. *Wheeler*, 61 N. Y., 88; *Greene* v. *Warnick*, 64 N. Y., 227; *Crane* v. *Turner*, 67 N. Y., 440.)

It was not incumbent on the appellant or its mortgagor to search for assignments of the mortgage. (*James* v. *Morey*, 2 Cow., 296; *Reid* v. *Marble*, 10 Paige, 413; *New York Life Insurance Company* v. *Smith*, 2 Barb. Ch., 84; cited and approved in *Van Keuren* v. *Corkins*, 66 N. Y., 80.)

*Waldo & Grover*, for the respondent. The assignment to the Department having been recorded long before the defendant, the Knickerbocker Life Insurance Company, acquired any lien or right in the said premises, and before the release was executed under which it claims a prior lien, the record was notice to all parties that the original mortgagee had parted with all right to release any portion of the said premises from the mortgage. (*Mut. Life Ins. Co.* v. *Wilcox*, 55 How., 43; *St. John* v. *Spaulding*, 1 T. & C., 483; *Belden* v. *Meeker*, 2 Lans., 470; aff'd 47 N. Y., 308.)

Barnard, P. J.:

The plaintiff, as head of the Insurance Department, holds the bond and mortgage in question free from any parol equity growing out of any agreement with Hall, the mortgagor. Hall executed the mortgage to the Mutual Protection Life Insurance Company in 1871. In the same year that company assigned the mortgage to the Insurance Department in trust as security for policy-holders, as provided by law. The assignment covenanted that there was no legal or equitable defense to the mortgage; and attached to the mortgage was a consent of Hall to the assignment and an agreement upon his part that there was no legal or equitable defense to the mortgage. This assignment was recorded in the Register's office in Brooklyn in November, 1871. Assuming an agreement by parol between the Mutual Protection Life Insurance Company and Hall that a part of the mortgages should be released upon the erection of certain houses; as to the plaintiff both Hall and the Company were estopped from setting this up by the legal effect of the assign-

ment and the consent of Hall. The Insurance Department took the mortgage free from any agreement not communicated to it when it was delivered over. The release of part of the mortgaged premises by the mortgagee under its changed name of the Reserve Mutual Life Insurance Company was inoperative and void as to the Insurance Department. It was given subsequent to the assignment to the Insurance Department, and subsequent to the recording of the assignment. We think the recording of the assignment constructive notice to Hall's grantee, North, that the mortgagee could no longer deal with the mortgaged premises. (*Belden* v. *Meeker*, 47 N. Y., 308.)

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Present—BARNARD, P. J., GILBERT and PRATT, JJ.

Parts of judgment appealed from affirmed, with costs.